# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 27, 2001 Session

## STATE OF TENNESSEE v. BILLY HAROLD ARNOLD

**Appeal from the Criminal Court for Sullivan County**
**No. S44,052     Phyllis H. Miller, Judge**

---

**No. E2000-03157-CCA-R3-CD**
**February 22, 2002**

The defendant, Billy Harold Arnold, appeals his misdemeanor theft conviction for which the Sullivan County Criminal Court sentenced him to eleven months twenty-nine days, all suspended except for thirty days confinement, "day for day." He contests the sufficiency of the evidence, the admission into evidence of prior similar conduct, and his sentence. We affirm the trial court, although we also note that a "day for day" term of confinement does not bar application of relevant good conduct credit statutes.

**Tenn. R. App. P. 3 Appeals as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Richard A. Spivey, Kingsport, Tennessee, for the appellant, Billy Harold Arnold.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Teresa Murray-Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This theft case arose on December 21, 1999, in a Wal-Mart in Kingsport. David Martin, a Wal-Mart Loss Prevention Associate, testified that he observed the defendant in the store on two separate days, the 21st and either one or two days before. On the first occasion, he saw the defendant go to the electronics department, take a PlayStation video set from the shelf, and leave the department, although electronic equipment purchases were to be made at the electronics department cash registers. Mr. Martin observed the defendant go to the lawn and garden area of the store, obtain a store bag, and place the PlayStation set in the bag. The defendant walked toward the front of the store. Mr. Martin advised an "exit greeter" for the store not to look at or stop the defendant. However, the greeter turned and looked around, at which time the defendant turned and walked through the store. Mr. Martin saw the defendant leave the PlayStation in the foods department, leave the store, and enter a tan Chevrolet van.

Mr. Martin testified that on the afternoon of the 21st, he saw the defendant go to the electronics department, obtain a PlayStation with the help of an employee, and then pay for the set in the electronics department. He noted that the cashier marked the box in two places. The defendant left the store and entered the same tan Chevrolet van. Mr. Martin observed the defendant reenter the store, go to the electronics department, reach up and get another PlayStation, mill around some, and then go to the cleaning supplies section of the store. Mr. Martin saw the defendant pull from his pocket a Wal-Mart bag with a receipt on it, which fell off. He saw the defendant take out a pen, appear to mark the set's box, and put the set into the bag. He also saw the defendant use a small stapler to staple the receipt to the bag. The defendant then walked out of the store with the bag.

Mr. Martin testified that he approached the defendant and had him reenter the store. They went to a back room and waited for the police. Mr. Martin said that the defendant claimed to have purchased the set. He said that at another point, the defendant said that he was bringing the set back for a refund. However, when the defendant was asked to show the pink refund sticker attached to returned property, the defendant did not respond. The defendant told Mr. Martin that his wife brought him to the store, and he denied having a van.

After Kingsport police officer James Clark issued the defendant a citation, he and Mr. Martin escorted the defendant out of the store. Mr. Martin said that he and the officer went to the van, and he began taking photographs. He said that the defendant came over from a pay telephone and wanted to know what they were doing, although still denying that it was his van. Mr. Martin said that he saw another PlayStation partially covered with a towel in the console of the van. He also saw mail for which the return address was in the defendant's name at the address the defendant had given him.

Peggy Derrick testified that she had been a sales clerk for Wal-Mart in the electronics department and had sold the defendant a PlayStation on December 21. She initialed the top of the box on the bar code, placed the box in a bag, and stapled the receipt to the bag. When shown the PlayStation box taken from the defendant, Ms. Derrick identified her initials but denied they were in her handwriting. She also said that she used two staples. The record reflects that the receipt taken from the defendant's bag had one staple but staple holes for two other staples.

The defendant claimed to have bought the PlayStation in question at Wal-Mart. He said that on Saturday, December 19, he had gone to Wal-Mart with his children. He said he intended to buy a PlayStation for his son and tried to do so without his children seeing him. He explained that his placing the box in a bag, moving about the store, and ultimately leaving the PlayStation in the foods department all arose from this intent. He said that when he believed that he could not succeed, he left the store.

The defendant testified that on December 21, he returned to Wal-Mart, bought some action figures for his children, and left. He said he went to his parents' van with the intent to go to Circuit City to buy a PlayStation. He said he had previously bought one at Circuit City that was still in the van. He stated that he decided it was not worth the trip and he returned to Wal-Mart and bought a

PlayStation. He testified that Mr. Martin stopped him and he was ultimately charged. The jury convicted him of theft.

## I.  SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence is insufficient to convict him once conflicts in Mr. Martin's testimony are considered and Mr. Martin's improper testimony about the defendant's previous visit to the store is excluded. We conclude that the evidence is sufficient.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

We believe that any conflicts in Mr. Martin's testimony were resolvable by the jury in favor of the state. In fact, the evidence does not reflect any conflicts in Mr. Martin's testimony regarding what he saw the defendant do. As for the claim that Mr. Martin's testimony regarding the defendant's previous visit to the store should be excluded when considering the sufficiency of the evidence, we disagree. Even if, for argument purposes, such evidence was improper, any error in its admission would only result in a new trial. Judicial review of the sufficiency of the evidence to convict that would exclude evidence deemed inadmissible on appeal would unfairly prejudice the prosecution. For instance, if the state knew before the first trial that a particular piece of evidence was inadmissible, it would be entitled to amend its trial strategy and rely on other evidence to make its case. However, when the determination of inadmissibility is made by a court after the trial, the state is foreclosed from those considerations. Needless to say, it would be impossible for the court to know what additional evidence might be available and it would be inappropriate for it to assess the sufficiency of the evidence based only on properly admitted evidence. See State v. Longstreet, 619 S.W.2d 97, 100-01 (Tenn. 1981). Under the circumstances, we conclude that the evidence was sufficient to convict the defendant of theft.

## II.  PRIOR BAD ACT

The defendant contends that the trial court erred by allowing the state to illicit testimony from Mr. Martin regarding the events occurring a day or two before the date of the offense. However, as the state points out, the defendant did not file a motion for new trial. Pursuant to Rule 3(e), T.R.A.P., "no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived." Thus, the issue is not properly before us. However, in oral argument, the defendant argued that the admission of the evidence constitutes plain error and should result in a new trial.

Pursuant to Rule 52(b), Tenn. R. Crim. P., we have the discretion to notice an error that has affected the substantial rights of an accused when necessary to do substantial justice. In State v. Adkisson, 899 S.W.2d 626, 641 (Tenn. Crim. App. 1994), this court noted five factors in determining whether an issue merits plain error status:

> (1) the record must clearly establish what happened in the trial court;
>
> (2) a clear and unequivocal rule of law must have been breached;
>
> (3) a substantial right of the accused must have been adversely affected;
>
> (4) the accused did not waive the issue for tactical reasons; and
>
> (5) consideration of the error is necessary to do substantial justice.

In the present case, the defendant's intent was at issue. Needless to say, proof of his unsuccessful attempt two days before the offense on trial to take a PlayStation without paying for it is very probative of the defendant's intent on the day of the offense. Proof of prior attempts to commit the crime on trial may be admissible under Rule 404(b), Tenn. R. Evid., as relevant to intent. See State v. Stephenson, 878 S.W.2d 530, 541-42 (Tenn. 1994). Plain error does not exist in the record before us.

### III. SENTENCING

The defendant contends that the trial court erred "in finding certain enhancement factors were present and that certain mitigation factors were not." He also argues that to the extent enhancement factors might have been present, "the trial court failed to properly balance these with mitigation factors."

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure and it gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, as amended, we may not disturb the sentence on appeal. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In misdemeanor sentencing, in determining the percentage, if any, of the sentence to be served in confinement, the court shall consider the purposes of the Sentencing Act, the principles of sentencing, and the enhancement and mitigating factors. See Tenn. Code Ann. § 40-35-302(d); State v. Troutman, 979 S.W.2d 271, 273-74 (Tenn. 1998).

The trial court was markedly influenced by its view of the defendant's illegal behavior. The defendant admitted smoking marijuana, even after he was charged in the present case. The trial court

also noted the defendant's first attempt to steal a PlayStation and found him to be untruthful, unremorseful, and possessing little potential for rehabilitation. Moreover, it found that for a man in his forties, the defendant had a poor work record and social history. The trial court concluded that "some deterrence" was needed and that confinement was necessary to avoid depreciating the seriousness of the conduct. It sentenced the defendant to eleven months twenty-nine days in the county jail, all but thirty days, day for day, being suspended.

Relative to the trial court's reliance upon a history of criminal conduct, the defendant does not believe that he should be punished for smoking marijuana when the only source of the information was his candid admission of the fact to the presentence officer. He argues that if sentencing is to address treatment and health matters regarding the defendant, "it is unwise to punish forthrightness on substance abuse issues unrelated to a conviction." The state does not address this argument, relying only on the fact that this court has previously relied on a defendant's admissions regarding drug abuse for enhancing a sentence because of a history of criminal behavior. See State v. Charles S. Jones, No. M1999-02335-CCA-R3-CD, Montgomery County (Tenn. Crim. App. Nov. 9, 2000). We believe that although forthrightness is to be encouraged, a defendant should not be given immunity for his admissions. In this sense, the defendant's admission that he smoked marijuana after having been charged in this case does not bode well for the defendant's rehabilitation with a short, suspended sentence. In any event, we believe that the trial court's most serious concern was the fact that the defendant had previously attempted to steal a PlayStation. A trial court may rely upon criminal conduct for which a conviction is not obtained if it finds by a preponderance of the evidence that the conduct occurred. See State v. Winfield, 23 S.W.3d 279, 281 (Tenn. 2000).

Given the trial court's findings that the defendant had previously attempted to steal property, was untruthful, and was unremorseful, we conclude that a sentence of eleven months twenty-nine days with confinement for thirty days was justified in order for the defendant to appreciate the seriousness of his criminal conduct. We note, though, that the trial court's order that the thirty-day confinement be day for day does not bar application of appropriate conduct credits. See State v. Frank R. Clark, No. M2000-00862-CCA-R3-CD, Warren County (Tenn. Crim. App. July 25, 2001) (for publication).

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
JOSEPH M. TIPTON, JUDGE